The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on several questions concerning posted lands and Act 35 of 1989. Your questions will be restated and answered in the order posed.
Your first question is as follows:
 Is the lessee of hunting rights also considered a lessee of real property for the purpose of enabling the lessee of hunting rights to post the real property under the provisions of the trespass bill which passed in the regular session of the 77th General Assembly?
I assume that the bill to which you refer is Act 35 of 1989. It is my opinion that the answer to this question is "yes". The act in section 3 provides that the "owner or less" may post property. Although we have not found evidence, generally, of a separate leasehold estate for hunting rights, this language is, in my opinion, broad enough to include the lessee of hunting rights for posting purposes. I have also enclosed a copy of Opinion No.83-180, which deals with a hunting rights lessee's status in this regard.
Your second question poses a number of hypothetical situations and inquires as to whether each would constitute a violation of the act. Those situations are as follows:
 A. An individual enters upon posted property to retrieve a valuable hunting dog and promptly leaves after retrieving the hunting dog.
 B. An individual, who is in the business of selling hunting dogs, takes a prospective customer to the woods to attempt to sell a hunting dog. While in the woods the salesman and the customer enter posted property.
 C. A horse jumps a fence and enters posted property. The owner of the horse enters the posted property and retrieves the horse.
 D. A rancher has cattle which enter posted property. The rancher enters the posted property and retrieves his cattle.
In response to question 2(A), please note that I have attached a copy of Opinion No. 89-189 which I believe satisfactorily answers this question. The conclusions reached in Opinion No. 89-189, (question 4), also in my opinion are applicable to your questions 2(C) and (D) regarding horses and cattle.
Your question 2(B), however, merits some individual discussion. Under Question 2(B), the salesman and customer are probably not entering posted land for "recreational purposes". More facts than are outlined in the question would be necessary to determine this issue as a certainty. We must decide whether this fact would preclude a violation of Act 35 of 1989. Although that act is entitled in part "An Act . . . to make it unlawful for persons to enter upon posted real property for recreational purposes . . .", and although the act in Section 2 makes it unlawful to enter upon such property for recreational purposes only, Section 6 of the act, as noted in Opinion No. 89-189, appears to make it unlawful for any person to enter upon posted real property for any reason, unless consent is obtained. Thus, we must conclude that the answer to your Question 2(B) is "yes".
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
NOTE: Both opinions referred to above as "attached" or "enclosed" are in the computer. Also attached to the paper copy of this opinion is a copy of 89-045, which is also in the system.